IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


MCWENDELL WILSON,

      Plaintiff,

vs.                                                   CASE NO. 1:04CV28-MMP/AK

LISA MATHIS, et al,

      Defendants.

_____/


## REPORT AND RECOMMENDATION

Defendants have filed a motion to dismiss for failure to exhaust administrative remedies.  (Doc. 23).  Plaintiff has responded.  (Doc. 26).  Because evidentiary material was attached to the motion, the Court construed the motion as one for summary judgment and advised Plaintiff of his obligations to respond to such a motion.  (Doc. 29).  Plaintiff has not further responded.

### I.      Allegations of the Complaint (doc. 1).

Plaintiff claims that he was denied medical care during his incarceration at the Levy County Jail, specifically that he is diabetic and was not given his insulin as

prescribed or was given out dated and improperly maintained medication which resulted in an angina attack for which he received delayed treatment.  (Doc. 1).

## II.    Standard of Review

In reviewing this case, the Court anticipated considering the matters which have been attached by Defendants to the motion to dismiss.  Thus, under Rule 12(b), Federal Rules of Civil Procedure, the motion to dismiss was converted into a Rule 56 motion for summary judgment.

A district court should grant summary judgment when, "after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case."  Nolen v. Boca Raton Community Hospital, Inc., 373 F.3d 1151, 1154 (11th Cr. 2004), *citing* Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).  All issues of material fact should be resolved in favor of the Plaintiff or non-moving party before the Court determines the legal question of whether the defendant is entitled to judgment as a matter of law under that version of the facts.  Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003); Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002).   The Plaintiff has the burden to come forward with evidentiary material demonstrating a genuine issue of fact for trial.  Celotex, 477 U.S. at 322-23.  Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient.  There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof.  Anderson v. Liberty Lobby, 477 U.S. 242,

**No. 1:04cv28-mmp/ak**

251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). "For factual issues to be considered genuine, they must have a real basis in the record." Mize v. Jefferson City Board of Education, 93 F.3d 739, 742 (11th Cir. 1996).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), cert. denied 522 U.S. 1126 (1998), quoting Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)). The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

While a moving party is not required to support his motion for summary judgment with affidavits, Celotex, supra at 323, the facts stated in uncontradicted affidavits or other evidentiary materials must be accepted as true for purposes of summary judgment. Gauck v. Meleski, 346 F.2d 433, 436 (5th Cir. 1965).

III.   **Defendants' Rule 56(e) evidence**

a)     Levy County Jail Policy and Procedure (Doc. 23, Attachment)

Defendants have provided a copy of their inmate grievance procedure, which provides that initially an inmate should seek informal verbal resolution of the issue, then file a written inmate grievance/request, which should be appealed to the jail administrator if no resolution is reached.

**No. 1:04cv28-mmp/ak**

b)   Inmate Grievances/Request Forms (Doc. 23, Attachment)

From June 14, 2003, to September 8, 2003, Plaintiff filed 58 requests seeking medical care or medical information.  All such requests were responded to by medical staff.  None of the requests were appealed.  None of the requests concern an angina attack or a delay in treating or responding to such an attack.

c)   Affidavit of Mike Sheffield (Doc. 23, Appendix A)

Mike Sheffield, presently Captain with the Levy County Sheriff's Department, attests that he was a lieutenant during the time Plaintiff was incarcerated and responsible for daily operations at the Levy County Jail.  Sheffield has reviewed Plaintiff's file and found none of the requests (58 of them) actually raised an issue of inadequate medical care in the form of a grievance, none of them raised an issue about an angina attack, and none of them were appealed.

## IV.   Plaintiff's response (doc. 26)

Plaintiff claims that no one, particularly Mike Sheffield, explained to him how to exhaust the grievance system, but his pain and suffering were clearly shown in his requests.

## V.   Analysis

Since passage of the PLRA, 42 U.S.C. § 1997e(a) now provides:  "*No action shall be brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  (Emphasis added.) The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought

**No. 1:04cv28-mmp/ak**

pursuant to § 1983 or Bivens.  Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir.

1998).  There is no discretion to waive this requirement or provide continuances of

prisoner litigation in the event that a claim has not been exhausted prior to filing.

Alexander, 159 F.3d at 1325; see also Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983,

152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all

inmate suits about prison life, whether they involve general circumstances or particular

episodes, and whether they allege excessive force or some other wrong.");

Higginbottom v. Carter, 223 F.3d 1259, 1260-61 (11th Cir. 2000) (holding that an

excessive force claim is subject to the exhaustion requirement); Brown v. Sikes, 212

F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his

grievance all relevant information reasonably available to him" but he cannot be

required to name individuals responsible for challenged conduct when he could not yet

identify those persons).  Furthermore, this Court may not consider the adequacy or

futility of administrative remedies, but only the availability of such.  Higginbottom, 223

F.3d at 1261, citing Alexander, 159 F.3d at 1323.  Even where an inmate seeks only

monetary damages in a civil rights case, he must complete the prison administrative

process if it could provide some sort of relief on the complaint although no money could

be given administratively.  Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149

L. Ed. 2d 958 (2001).

    A prisoner must comply with the process set forth and established by the

grievance procedures.  See Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999).

Even if a grievance is initially denied as untimely, a prisoner must appeal the denial of

**No. 1:04cv28-mmp/ak**

his grievance.  *See* Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999)(noting Georgia's inmate grievance procedures allow "the grievance coordinator to waive the time period for filing a grievance if 'good cause' is shown").  Failure to exhaust available administrative remedies is the functional equivalent to failing to state a claim, and thus should be counted as a strike under 28 U.S.C. § 1915(g).  *See* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir.), *cert. denied* 524 U.S. 978 (1998) (stating that "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.").  "Accordingly, we join other circuits in concluding that under section 1915(g), federal courts may properly count as strikes lawsuits or appeals dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted prior to April 26, 1996."  Rivera, 144 F.3d at 730(citations omitted).

Defendants have shown that Levy County Jail has a written policy that provides for a grievance procedure that includes an appeal to the jail administrator.  None of the grievance/requests made by Plaintiff were ever appealed.  Further, a careful review of the grievance/request forms completed by Plaintiff shows that although Plaintiff complained several times about his blood sugar levels and expressed some confusion about his medications, there was no complaint that he was being denied insulin or medical attention.  His concerns were addressed promptly and adequately.  He mentioned having "bad" insulin, but according to the Plaintiff himself this came from his home supply and was not administered by the Defendants.  There is no mention in any of these requests of an incident involving angina or being refused medical care in

**No. 1:04cv28-mmp/ak**

regard to such an attack.  Thus, Plaintiff's failure to exhaust available administrative remedies prior to filing this cause of action regarding prison conditions mandates dismissal of the complaint without prejudice.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motion for summary judgment (doc.  28) be **GRANTED**, and Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e).

**IN CHAMBERS** at Gainesville, Florida, this  __**18**<sup>th</sup>___ day of May, 2005.


**s/ A. KORNBLUM**_____
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:04cv28-mmp/ak**